Department of Corrections Mr. Fletcher will hear first from you. Thank you, Your Honors. Good morning and may it please the Court. My name is Charles Fletcher, Counsel for James Todd. We have one issue before the Court. Our contention is that the District Court committed clear error in denying Mr. Todd's petition as untimely based on its conclusion that the prescription defense was contradicted by the State's evidence. As this Court has informed itself, Mr. Todd was convicted of several counts. The main count that we are here on today is count 4 and that was trafficking in hydromorphone and it was proven by mere possession. It was pled, charging him by mere possession and it carried a 25-year minimum mandatory. Below, Mr. Todd claimed that he had prescriptions for those hydromorphone pills. That was presented at his evidentiary hearing where he claimed that his counsel should have filed a motion to dismiss and should have presented the prescription defense to a jury. Counsel did neither of those things and it's our contention that counsel was ineffective. The District Court, in deciding whether or not his petition was timely, because it was filed after the statute of limitations, the exception, when deciding whether or not he qualified for the exception, jumped to the conclusion that because of the way the drugs were possessed, he was not actually innocent, which is the required finding. But under Florida law, when you're charged with trafficking and it's done by the mere possession, you can possess it in any way you want to possess it. He wasn't charged with, for instance, possession with intent to distribute. He was actually innocent of that claim. Let me ask you a question about that. As I understand the argument in your briefs and as you're saying right now, once you presented evidence of the hydromorphone prescription, the jury had to acquit your client of trafficking in hydromorphone regardless of any other evidence that tended to undermine that defense? Am I stating your argument correctly? Yes, Judge. Because of the way he was charged. You're saying that the government doesn't have the ability to present contradicting evidence to rebut the prescription defense? Well, if they had, for instance, had witnesses that say that he obtained those prescriptions legally, he used those pills, and now he's got a different set of pills, then that would be, it could be proven that way. That was not the evidence. You're saying that the government, by presenting evidence, we have the digital scale, we have the cash, we have the fact that the sheer number of these hydromorphone pills far exceeds what his monthly prescription was. I think it was, he had 180 for the month and it was 400 something. I may be wrong in the numbers, but he had far more than one month's worth of pills. And the way in which the pills were packaged, you're saying the government doesn't have the ability through the presentation of such evidence to rebut the prescription defense? That does not rebut his prescription defense if he had presented it. Why wouldn't it though? Because I think I understood you to say, if he had far more pills than he was prescribed, then that would rebut. Is that what you said? Let me just make sure I understood you. I said that, but that would be correct. Okay. Right. What was presented to the district court . . . But wait a second. Let me just ask you the next question and then you can tell me what else you want to tell me. So, referring to what Judge Branch just mentioned, he was prescribed 140 pills per month. And for the month of April, he was prescribed only 112. So, when the hydromorphone was counted, he had 408 pills. That is far in excess of what he was prescribed. Why, based on your description of what the government would need to show, isn't that all by itself, without even considering anything else, enough to defeat his claim of actual innocence? Judge, Your Honor, at the evidentiary hearing, he presented prescriptions from a time period that went from April of 2013 all the way through December of 2013. Let's see. 112 pills, 140 pills, 140 pills, 140 pills, 140 pills, 140 pills, 140 pills, 140 pills, 140 pills. He presented evidence of prescriptions for a number of pills that far exceeded what was found in the car. So, your position is he was obtaining the prescriptions, he was filling them, but he wasn't using them. I mean, that's got to be what you're... For months and months, he kept getting his prescriptions filled, and he just never used his pills. I can't speak to that. The record doesn't speak to that. I mean, that's got to be what your position is, because otherwise, the only other explanation is that he had more than he was prescribed, right? I will take that position, Judge, that he didn't use the pills. He was prescribed a huge number of pills. He was, since you're asking me to take this position... I'm not asking you to take any position. I'm asking you to explain if that's not your position. I'll explain it. Let's assume he was doing lots of drugs. He just never got to the point where he used all of his hydromorphone pills. And so he has a huge amount left. But he acquired them legally, and there is nothing in the law that says if you package them... Now, here's the other part of this, right? There were a bunch of other drugs that were found in the bag and in the car, weren't there? Yes. And another individual testified that the drugs in the bag were his, right? Right. But the hydromorphone, a lot of the hydromorphone was found in the bag with those drugs, right? Right. Okay. So, counsel made a strategic decision that if counsel presented the prescription evidence, it would also suggest that the other drugs that were found in the black bag were your clients. Right. Right? And so, wouldn't your client have been found guilty of possessing... I mean, he pled anyway. Did he plead? No, he was found guilty. Right, okay. So, wouldn't he have... Right, that's right, because Mr. Baudreau or whatever his name was testified. He would have been found guilty anyway of possessing the rest of the drugs because clearly the jury did not believe that the drugs in that bag were the other individuals, right? Right. So, how does that show actual innocence? First of all, we're faulting counsel for not filing a motion to dismiss based on the prescription defense, which would have occurred months and months and months before any trial. That motion to dismiss also would have knocked out the 25-year minimum count, minimum mandatory count. And had they later proceeded to trial without that, the most he was going to get was concurrent 15s. So, that's my answer. Let me ask you... We're going after counsel for what she tried to do at trial. I understand it's a strict... I understood her strategic defense at trial, but this should have been done before the trial. Let me ask you a question just about what you're seeking the court to do because if the case is remanded back to the district court and we were to find that the petition was timely, doesn't the district court then... I mean, the district court doesn't get into necessarily actual innocence. It gets into the ineffective assistance claim. The state court judge already had a hearing on this, already made a credibility finding that the defense lawyer took a strategic position that the court found to be credible. Doesn't the district court at that point have to defer to that? I mean, don't we end up in the same place? I'm not sure what you're asking the court to do then. We're asking the court to send it back to the district court and evaluate whether or not counsel should have filed a motion to dismiss. But isn't the district court bound by the credibility findings that were made by the state court judge? The state court had a hearing on this. I don't think it relies on a credibility finding. It does because that lawyer testified before the state court that this was something that was discussed with the client and they made the decision not to put in this evidence because, as Judge Rosenbaum was suggesting and asking you, there's a lot of other drugs here, and so to have made this argument would have foreclosed the defense they eventually used, which failed, which would have, they believed, acquitted him of all the charges. Your Honor, I agree with you 100%, but what I'm focusing on is long before the trial where they had that discussion and used that defense and ignored the prescription defense, counsel should have filed a motion to dismiss because she had a client who had prescriptions that totaled a number of pills that far exceeded the number of pills that were found. And under Florida law, the state really can't do anything about that because if you acquire them legally, it doesn't matter how they're packaged. But do you disagree that the state court had a hearing in which the state court found that her reasoning for not doing that was credible and sound? I don't disagree with that, Judge, but I think it's ineffective assistance to counsel and it's clear error. All right. You've reserved seven minutes for rebuttal. We'll hear next from Mr. Pallas. Mr. Pallas. May it please the Court. My name is Richard Pallas. I represent appellees, the Secretary, Attorney General, State of Florida. And this court has multiple paths to accept the rejection of the habeas petition application below. While there's certainly a narrow ruling here for whether or not actual innocence is proven, the state does argue that this doesn't meet a threshold to even get to that exception and that this doesn't qualify as new evidence. Or in terms of actual innocence, it is not factual. Let's talk about... Well, actually, why wouldn't it be factual? Here, Your Honor, we know that there's something of a split of authority between some of our circuit courts of appeal. I'm just talking about why wouldn't the... I'm not talking about whether it qualifies as new evidence. Yes, Your Honor. Why wouldn't the evidence that's being presented qualify as factual? Looking at it, Your Honor, through the lens, an affirmative defense, whether this is more of an excuse and not actually the existence of no crime at all. And us arguing that's more of legal insufficiency of the evidence. So counsel says he was charged only with possession. Yes, Your Honor. And the hydromorphone he possessed, he had a prescription for, so there's no crime. What is your thought on that? Your Honor, in that regard, if we are to look at it as this cancels out and nullifies the crime, I think the state has a harder time making this argument. We're looking at it, of course, through the effect that our jury instructions, at least in Florida under 3.6, we talk of this as being the affirmative defense and that this has to, I believe, be proven by preponderance of the evidence. All right, but let's say he proved by preponderance of the evidence that he had a prescription for the hydromorphone, then would that, and the jury decided to accept that, then he would have been found not guilty of the hydromorphone offense, right? That's correct, Your Honor. If the jury accepts that defense, they could find him not guilty of that. In that regard, if we're going into whether this is considered a nullification and that would make it closer to actual innocence and not legal, I would argue that we're still looking at this that this is one count of a 12-count information. Right, but he says that was the count that subjected him to the 25-year mandatory minimum, and without that, he wouldn't have faced that. That is correct, Your Honor, that that is one, or the highest of his minimum sentences that was imposed here. I mean, is that significant? Yes, Your Honor. Now, that does not mean that sentences still could not have been absent count for other minimum mandatories possibly could have been given consecutively. It could have, but, I mean, once he was convicted of the hydromorphone offense, there was no question he was getting at least 25 years, right? That is correct, Your Honor. All right, and in the absence of that, then he could have been sentenced to just 15 years. That is correct, Your Honor. Absence, any sentences consecutive or what mind you. I know this also is being alternatively viewed as a motion to dismiss versus either judgment of acquittal or a jury acquitting him with the proper jury instruction given argument, and to that effect, there was always the possibility that the state would have been able to amend its information, either not charging this as solely a, which is outside of the record, of course, I'm speaking hypothetically here, but one where he could still have been possibly charged with attempt, which still would have taken us from, I think, the 25-min man, but it also would have given the possibility that they may have amended the information to not just do this under the possession theory alone of between 28 years. I guess so, but we're dealing in speculation now. Yes, Your Honor. Here I think the best argument I can come up with for this is the fact that we are still looking at this as a large collective sentence that he still could have faced and that all of these drugs were found together in the same car, most of them in the same carrying parcel, here being described as a shaving kit bag, and we're looking at it more as the big picture of the full criminal act, and that's why we think that if this was determined more on a case-by-case basis, even though saying that this charge alone, if this is viewed as it's not a crime at all, that certainly makes the state's argument harder to stand on. So do you disagree that he had a prescription for all the pills? Your Honor, we have evidence in the record that there were six showings of 140 pills as prescriptions here that were written out to him. That is correct, Your Honor. We do not disagree. And so if he'd only been charged, just to get rid of all the other charges, if this had been his only charge, wouldn't the prescription have been a complete defense to it? That possibly could have been viewed that way, yes, Your Honor. Seeing that, understanding this, the state won't rest solely on the actual innocence itself. I would move more into whether this counts as new evidence under the Schlupf House and McQuiggan standards because I do understand that if this is viewed as it means no crime happened at all, it seems like it's a harder argument here for the state to meet a factual innocence claim. But we also argue that this is not necessarily new evidence because we have nothing but competent substantial evidence, both at the sentencing record and during the Rule 3850 hearing, almost ad nauseum here, that it was well known that this was a possibility of a defense. And yes, we're too early to go into strategy and whether this was a strategic decision. It is clear that they knew that this was an event, a theory of evidence at trial. This does not count as new evidence. Well, it doesn't count as new evidence under certain circuits' view of what new evidence is. Yes. But under other circuits' view of what new evidence is, it could count as new evidence. Isn't that right? That is correct, Your Honor. So why should we adopt the view of new evidence that you are suggesting? And why should we reject the view of new evidence that the other circuits that you don't agree with have adopted? Your Honor, our argument for that is that the state is, of course, asking this court to adopt, I believe it was the Third and Eighth Circuits that have so far found that this evidence is not new or at least have observed as such because they still go into the Schlupp analysis afterwards after making this observation. The Seventh Circuit was the one, I believe, that has gone against the state's position here. Our reasoning why is the fact that when this Schlupp exception was enunciated back, I believe, in 1995 and then House coming in the mid-2000s and now the McQuiggan v. Perkins case here in 2015, is the fact that these are supposed to be extraordinarily rare circumstances, that there's supposed to be a concept of finality in comedy. So your concern is that if we adopt the Seventh Circuit's version of new evidence, that people could strategically withhold things if they get a bad verdict? Yes, Your Honor. At this point, we are opening up a floodgate that an actual innocence claim could wait years past both finality and the statute of limitations here. But, of course, opposing counsel would say you're asking us to adopt the minority view and there's no suggestion that in the majority of circuits that have adopted the contrary view that this floodgate's problem has occurred, correct? As of this point, Your Honor, I haven't seen that we have faced a floodgate yet with this because usually, at this point, everyone goes into the actual innocence exception, which, again, because of the rare circumstances here, defendants rarely meet this. And aren't you working against some of the language in Schlupp and in McQuiggan? Because the Schlupp court referred to evidence that was not presented at trial and to evidence that was wrongly excluded at trial, which could suggest that the Supreme Court did not intend to limit the scope of the actual innocence exception to only newly discovered evidence. And then, similarly, in McQuiggan, the Supreme Court held that the actual innocence gateway exception did not require due diligence. So don't those portions of those Supreme Court opinions suggest that the view you're pushing for here, asking us to embrace, is in conflict with the language? Your Honor, I do understand that if we were to view that language up through just a very limited lens, it certainly looks like it's adverse to the state's position here. But I think that it's important that it starts out with new reliable evidence. Yes, it says new evidence that was not presented at trial. But in this particular circumstance, this was… But new can mean different things. I mean, new doesn't have to mean chronologically new, right? It can mean… Yes, Your Honor. It can mean new in comparison to what was presented at a trial. Yes. And it's important here that this language is, of course, we're taking this all out of these opinions. Right. And so don't we have to look at what else the Supreme Court said in these opinions when we're construing what it intended the word new to mean? That is correct, Your Honor. And you're actually omitting the end of that sentence. It says new reliable evidence, and I'm going to omit in the middle, whether it be exculpatory, whatever.  New reliable evidence that was not presented at trial. You omitted that. Yes, Your Honor. For the sakes of speaking here, I am. But that is absolutely in our briefs, and that is in the opinions. But that's pretty critical omission. New reliable evidence, why would we not be looking at that was not presented at trial to see what the Supreme Court meant by new reliable evidence? And not presented at trial would fit with the majority of the circuit. Yes, Your Honor. I can see how that's a qualifier that, of course, bridges those particular terms. But it's simply our answer here that this is meant to take us out of the, I believe, Section 2244 and Section D1D, which typically requires that there's some exercise of due diligence in order to make it past this one-year time bar. This is alleviating that exercise of due diligence. Except that McQuiggan says there is no requirement for due diligence. That is correct, Your Honor. Otherwise, I understand that if I get a very broad acceptance of our concept of new evidence here, it sounds like we are just avoiding SHLUP through McQuiggan, and we are solely just back to D1D, which is not the fact. SHLUP is the law. It is just our position here that we are only losing the due diligence requirement, that this evidence still needs to be new, that the defendant cannot sit upon it. I do understand that timeliness is kind of an observation in McQuiggan. Let's just, on these two issues that the district court did not reach, if we agree with you and say under SHLUP, it only needs to be newly presented, not newly discovered, if we went with the majority view, and if we then said the prescription defense statute in Florida establishes factual innocence, so if we say that you lose on both those points, do you then lose on the actual innocence issue here? No, Your Honor. If the state is incorrect in its positions of new evidence, and it is incorrect on factual versus legal insufficiency evidence, lastly, the most narrow holding that this court has, I believe the state is successful on this every way. The law is not that a prescription plus pills equals a per se acquittal. It does not equal a per se granting of a motion to dismiss under Rule 3140C4. It's not a judgment of acquittal, and the jury must not say you are free to go. This is that the pills must, I believe it says such substance is from or came from a valid prescription. That is a jury question under our state law. I know McCoy cited in the briefs discusses this as a jury question, and I believe that jury question is certainly caused here because of the fact of the funds that were found on appellant, the scales that were found, and the other ten substances that were found in the bag, of which the hydromorphone substances were packaged separately in multiple bags, if I'm remembering here at least four, one of which outside the bag closer to the driver's side door, if I'm remembering correctly here. It is certainly our decision that for us to lose, it has to be that it is more likely than not that no reasonable jury would convict appellant of the trafficking in hydromorphone charge, and it's our position here that it cannot be established that based on this evidence we already have at trial, that no reasonable juror, it's our position that a reasonable juror, even one, would certainly convict him still of trafficking hydromorphone. What do you say to opposing counsel's argument, though, that if this had been filed as a motion to dismiss that count, right? You concede that he had a prescription for the pills. If the judge had granted that, then he would have gone to trial and the other things, but you could really sort of intellectually sever out the issue of the scales and the other indicia of trafficking. It's your honor. I believe the state would have the opportunity, at least in its by filing a traverse in order to state that there is a jury question, that these pills are still not privy to that prescription. He can assert it. The state can deny that, and under state law, if the state is able to deny and create a sort of like summary judgment for federal pleading standards, if we can show there's a genuine dispute of material fact or that we still have a prima facie case. Would the state also be able to, let's say that he filed that motion, the district court granted it, you went to trial on the rest of the drugs. Would the court, would the district court, or would you still, you would still be able to present the evidence that he had a prescription for the hydromorphone that was found in the bag with the other drugs, right? That is correct, your honor. And I know this might get more into strategy and that I am going over my time, but at this point, that prescription will now work against him and possibly make the state a stronger case. Although it's 15 years versus 25. That's 15 versus 25, still the possibility of both imposing sentences consecutively. And more importantly here, even if this possession theory was dismissed, the state would still have opportunities to decide to amend the charging information instead of just alleging trafficking in hydromorphone by sole possession of 28 grams to 30 kilograms alone. It could instead argue theories of intent to sell, which I believe it did charge, it just did not ask the jury to make any findings of. The jury was only charged through its instructions under the possession amount. And the state would also be able to go for a lesser included offense such as attempted trafficking. All right, thank you. Mr. Fletcher, you've preserved seven minutes. Thank you. Thank you. I would like to address a couple of the government's points. Counsel said that a prescription plus possession of the pills is not per se innocence, but I beg to differ. This was charged, this is about how you acquire the pills. If you're in possession. I think he conceded that if you had enough prescriptions, which you explained that you did, and that he was charged with just possession, which he was, that that would have been a complete defense. I think he conceded that. I think the thing that I want to hear a little bit more about is what Judge Becerra was asking you about, which is let's play this out and how does this all work out in the end. I mean, let's say that we agree that the new evidence standard is the majority view and that this is new evidence and that it would have been actual innocence evidence, at least for purposes of the hydromorphone charge. That just gets us through the gateway. The actual innocence is the gateway. It's not the actual, it's not the whole ballgame there. Then we have to go back and have an ineffective assistance hearing, except that that was already held and that the court already made factual findings that defense counsel made a strategic decision with your client to forego the prescription defense because of a concern that it would implicate him in all of the rest of the drugs, among other things. Why wouldn't we have to, why wouldn't that be determinative here? I think that's where we would end up before the district court with us again saying, not discussing the trial defense, but discussing why counsel didn't file a motion to dismiss. The state has suggested that they would be able to traverse it, but to traverse a motion to dismiss under Florida law, they have to allege facts that contradict what is in the motion to dismiss. So if we say, we had prescriptions for 1,000 pills and you found us with 400 pills, here's our prescription, they need facts to reverse that, not legal conclusions. But as you know, under Strickland, which governs the ineffective assistance claim, we have to look first to see whether performance was deficient, and a strategic decision can never be deficient. So pretty much never. So if this was a strategic decision here that, okay, we're going to take the chance, roll the dice on possibly getting the mandatory 25 instead of, and you know, on the idea that we'll get acquitted of all of it because somebody else is going to say the bag was his, or we're going to, you know, get rid of the mandatory 25 and take our licks on the two up to 15s and the possibility of being charged with possession with intent to distribute given the fact that there were all these baggies and paraphernalia found at the same place. I mean, why is that deficient performance? Judge, I would take issue with the idea that a strategic decision made by an attorney can never be. Well, it's probably not going to be. How could, let's focus on this. How could it be deficient performance in this case? Because he had an absolute defense to the charge of trafficking by mere possession. Right, but then you're saying it's a sacrifice, right? You're making the decision to effectively sacrifice what you think is a pretty strong defense on the rest of the charges which could add up to 30 years, or you could also get, you know, charged further for possession with intent to distribute, and a prescription is not an absolute defense to that charge. So you could find yourself in a worse position. You'd still have the 25-year mandatory because now you're going to be charged with possession with intent to distribute, plus you've got the rest of the drugs that you now are going to have a much harder time disassociating from because your stuff has been found in this bag that somebody else is going to take the blame for. Well, I think in a motion to dismiss the way you can draft it, you don't have to admit all of those things. You can just say, I was found with this number of drugs, I have a prescription, and now it's their turn to rebut it, down the road, and they will lose that. No, I agree. They're going to have to rebut it. But the problem is, let's say it gets granted. Now, what they're going to show, I mean, unless there's some reason that you can think of why it would not be admissible, and it's not, I mean, it seems like it would be admissible, it was found at the same location as the other drugs, it's inextricably intertwined, that there was hydromorphone that was also found with these other drugs, and that there's no question that the hydromorphone was your client's. I mean, it seems a little odd, then, because your client... There might be a question about that at a trial. Why would there be? Because your client would have a prescription, and that would then be in evidence. Because the motion to dismiss does not necessarily have to say, those pills were mine, and they were from that prescription. I can just say, I had a prescription, I was caught with this number of pills, it was legal to possess them. They lose if they can't show that I got those pills some other way. I know, but assume you win the motion to dismiss, you're now at trial for everything else. The pills come in, the hydromorphone pills still come in, they're inextricably twined, they're with everything else, and the government will put the prescription in. So now your client would be sitting at a trial for everything else. That case for the state now becomes incredibly strong because he can't disassociate with those pills, and that goes back to why this was a strategy decision that the state court found to be credible. And isn't that the finding that the district court, if we get through the gateway, is going to have to defer to? Let me start with a defense attorney at trial could simply argue those were that other guy's hydromorphine tablets. He can't because the government has your client's prescription for them, and that certainly would go in evidence. Not to undermine my own prescription defense, but they're two separate things. Down the road at trial, witness gets on the stand and says, well, that bag was mine and those pills were mine. The fact that my charge was dismissed because I had a prescription doesn't mean we're talking about the same pills. But the government would certainly bring in the evidence of the prescription. I guess my point is that's why perhaps the state court judge, when he heard the evidentiary hearing on the ineffective assistance of counsel, determined that it wasn't ineffective. We could disagree. That might not be what you would do. That might not be what I would do if I were the defense lawyer. That's a strategy that the district court found credible and sound. If we agree with you on everything and remand it back to the district court, the district court is going to have to defer to that finding from the state court, doesn't it? I do not believe so, Judge. It's not an unreasonable finding. What makes it unreasonable? He had an absolute defense under Florida law, the way it was charged, and it should have been tested. All right. And the prejudice is he's doing an extra 10 years. All right. Thank you very much. Our next case is Ehrenler v. T.J.